# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ELECTRONIC MERCHANT SYSTEMS, LLC | ) | Case No.: 1:26-cv-00324 |
| Plaintiff | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | **PLAINTIFF ELECTRONIC** |
| | ) | **MERCHANT SYSTEMS LLC'S** |
| EXCLUSIVE WIRELESS LLC, *et al.* | ) | **RESPONSE IN OPPOSITION TO** |
| | ) | **DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | ) | **AMENDED COMPLAINT** |

Plaintiff Electronic Merchant Systems LLC d/b/a/ Electronic Merchant Systems ("EMS"), by and through undersigned counsel, hereby files its Response in Opposition to Defendant Exclusive Wireless LLC d/b/a USAVPN.BIZ ("Exclusive Wireless") and Christoper Gouldthorpe's ("Mr. Goldthorpe," collectively with Exclusive Wireless, "Defendants") Motion to Dismiss EMS's Amended Complaint.   EMS's Amended Complaint meets the pleading requirements under Fed. R. Civ. P. 12(b)(6) and Defendants' Motion should be denied. A Memorandum in Support follows.

Respectfully submitted,

/s/ Jo A. Tatarko
Jo A. Tatarko (0082062)
PEREZ &  MORRIS LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone:    216-621-5161
Facsimile:     216-621-2399
Email:          jtatarko@perez-morris.com

Egon P. Singerman (0040458)
Pablo A. Castro, III (0074699)
Law Office of Egon P. Singerman
30625 Solon Road, Ste. C.
Cleveland, OH  44139
Telephone: 216-360-9300
Facsimile:   216-360-9712
Email:        esingerman@esingerman.com
                    pcastro@esingerman.com

*Counsel for Plainitff Electronic Merchant Systems
LLC*

2

**MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**

As they did in the first Motion to Dismiss, Defendants argue EMS's claim should be dismissed because it fails to allege the elements of breach of contract. Defendants do this in spite of the fact that EMS filed an Amended Complaint incorporating language that addressed the elements of breach of contract. Additionally, Defendants admit the validity of a contract between EMS and Exclusive Wireless, guaranteed by Mr. Goldthorpe, which is the first element of a breach of contract claim. (*See* Motion to Dismiss Amended Complaint, ECF No. 11 at pg. 105.) Therefore, the Amended Complaint asserts a plausible claim because it provides fair notice of the claim and the basis upon which it rests. Thus, the second Motion to Dismiss should be denied.

## I.  PROCEDURAL HISTORY AND FACTS

EMS filed its Complaint alleging breach of contract against Defendants on January 7, 2026, in Cuyahoga County Court of Common Pleas. (*See* ECF No. 1-1 at pg. 5-18.) On February 9, 2026, Defendants removed the case to this Court. (*See* ECF No. 1.) On February 16, 2026, Defendants filed their first Motion to Dismiss. (*See* ECF No. 5.). On March 18, 2026, EMS filed its Opposition to the Motion to Dismiss and on March 20, 2026 EMS filed its Motion for Leave to Amend its Complaint. (ECF Nos. 7, 9). On April 9, 2026, the Court granted EMS's Motion for Leave to Amend, deemed the Amended Complaint filed *instanter* and denied Defendants' first Motion to Dismiss without prejudice as moot. (Order [non-document] 4-9-26).  Defendants filed the Motion to Dismiss the Amended Complaint on April 23, 2026. (ECF No. 11).

The Amended Complaint alleges Defendants entered the Merchant Agreement ("Agreement") with EMS on or about October 3, 2024 and attached a copy of the Agreement. (*See* ECF No. 9-1 at pg. 84-85, ¶¶ 3-4.) The purpose of the Agreement is for EMS to "authorize, process and settle" for the Merchant (Exclusive Wireless) "transactions undertaken by an authorized user of a Card." (*Id.* at pg. 90.) In exchange for EMS's services, Defendants agree to pay EMS. The Amended

Complaint alleges by entering the Merchant Agreement, Defendants agree to indemnify and hold EMS harmless from and against any fines, fees, losses, liabilities, or damages and expenses in connection with Transactions or otherwise arising from Merchant's provision of product and services to cardholders. (*Id.* at pg. 85, ¶ 6.)

Paragraph 8 of the Agreement, in discussing the mechanism for Exclusive Wireless to pay EMS, states "Merchant shall at all times maintain a commercial checking account with Bank[1] . . . that can accept ACH transactions, and that Bank will use to debit and/or credit funds on a daily or monthly basis . . . Bank will debit Merchant's Designated Deposit Account at Merchant's Bank ("DDA"). (ECF No. 9-1 at pg. 91, ¶ 8.) Paragraph 8 continues "Merchant hereby authorizes Bank to access information from the DDA and to initiate credit and/or debit entries and adjustments to Merchant's DDA by bank wire or ACH transfer process and/or through direct instructions to Merchant's Bank for amounts due under this Agreement." (*Id.*)  The Agreement provides EMS the authority to credit and debit Exclusive Wireless's DDA for amounts due under the Agreement. (*See id.*).

The Amended Complaint states Plaintiff and Defendants entered the Agreement and are bound by its terms, EMS fully performed its obligations under the Agreement, Defendants accepted all the benefits of EMS's performance, and Defendants breached the Agreement by failing to pay EMS in accordance with the terms of the Agreement. (ECF No. 9-1, pp. 85-86, ¶¶ 9-12).

The Amended Complaint further alleges, "[i]n 2024-25, Defendants violated MasterCard rules resulting in card brand fines." (*Id.* at pg. 86, ¶ 13.) Further, "[i]n 2024-2025, EMS received notice that in excess of $233,600.53 was being assessed by MasterCard for card brand violations. (*Id.* at

---

[1] The Agreement defines Bank as "the Bank and/ or EMS (to the extent authorized by Bank and not prohibited by the Rules)." (ECF 9-1 at pg. 91, ¶ 8.)

4

pg. 86, ¶ 14.)  "The Merchant processing account also has chargebacks which resulted in monies due to EMS." (*Id.*)

The Amended Complaint attaches as an exhibit a copy of the Reserve Transaction Sheet showing the balance owed to EMS. (ECF No. 9-1 at pg. 100.) Exhibit B lists four charges from July 14, 2025 for "DDA Adjustments-Insufficient Funds for Exclusive Wireless." (*Id.*) According to Exhibit B, a "Transfer from Rolling Reserve" reduced the balance by $7,147.47. (*Id.*)

Lastly, the Amended Complaint alleges "[d]espite repeated demands, Defendants have failed to liquidate the balance due and owing EMS." (ECF No. 9-1 at pg. 86, ¶ 16.)

## II.    LAW AND ARGUMENT

### a.    Motion to Dismiss Standard.

"District courts may grant a motion under Rule 12(b)(6) only if a complaint does not state a 'plausible' claim." *VCST Internatl. B.V. v. Borgwarner Noblesville, LLC*, 142 F.4th 393, 399 (6th Cir. 2025). When evaluating the plausibility of a complaint, the "court[] must accept its factual allegations as true and draw 'all reasonable inferences in' the plaintiff's favor." *Id*. "They also must restrict their review to the 'four corners' of the complaint and a limited set of other materials, such as documents the complaint refers to and depends on." *Id*. The Agreement and Reserve Transaction Sheet, which are attached as exhibits to the Amended Complaint, are materials the Amended Complaint refers to or depends on. (*See* ECF No. 9-1 at pg. 88-100.)

A "motion to dismiss will be granted 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Resource Title Agency, Inc. v. Morreale Real Estate Servs.*, 314 F.Supp.2d 763, 768 (N.D. Ohio 2004)(*quoting Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)).  It is not necessary that the complaint contain specific facts; it only needs to "give the defendant fair notice of what the . . . claim is and the

5

grounds upon which it rests." *Tuffy Assocs. Corp. v. Felton Tires & Auto, Inc.*, No. 3:08 CV 2511, 2009 U.S. Dist. LEXIS 59249, at *7 (N.D. Ohio July 10, 2009)(*citing Erickson v. Pardus*, 551 U.S. 89 (2007)).

EMS's Amended Complaint meets the pleading standards under Fed. R. Civ. P. 12(b)(6) because it states a plausible claim, and it is clear that EMS could be granted relief under facts that could be proved consistent with the allegations in the Amended Complaint. The Amended Complaint gives Defendant notice of the claim and the bases for it.

> **b.** **EMS's Amended Complaint Meets the Requirements for Pleading Breach of Contract.**

To prove breach of contract, EMS must prove the existence of a contract, EMS fulfilled its obligations, Defendants breached the contract, and damages resulted. *See Kirkland v. St. Elizabeth Hosp. Med. Ctr.*, 34 F.App'x 174, 178 (6th Cir.2002). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), EMS's Amended Complaint and exhibits must give Defendants fair notice of the breach of contract claim, the grounds upon which it rests, and state a plausible claim.

The case cited by Defendants for support that EMS failed to properly plead its claim is distinguishable on the facts. (*See* ECF No. 5 at pg. 40.) In *Kitral*, the Court dismissed plaintiffs' complaint for breach of contract because their claim was for defendant's failure to perform a provision of the contract that did not exist. *Kitral v. NVR, Inc.*, No. 1:21 CV 612, 2021 U.S. Dist. LEXIS 91215, at *5 (N.D. Ohio May 13, 2021). Plaintiffs sued for breach of a purchase agreement and "a material misrepresentation regarding the ability to build an in-ground swimming pool," at the property they purchased, but the claim failed because the purchase agreement did not contain "a provision regarding the ability to build an in-ground pool." *Id*.

Here, the Amended Complaint clearly pleads the elements of breach of contract and the Agreement, which is incorporated into the Amended Complaint, contains provisions regarding the

payment of fees to EMS that form the basis for the breach of contract action. Thus, *Kittral* is inapposite and the Motion to Dismiss should be denied.

### i. EMS properly plead a breach of contract claim against Defendants.

The Amended Complaint contains allegations that give Defendants fair notice of the claim and the grounds upon which it rests. Defendants admit the contract exists and that they signed it. (*See* ECF No. 11 at pg. 105.) EMS alleges it fully performed under the Agreement. (ECF No. 9-1 at pg. 85, ¶ 10.) Defendants accepted the benefits of EMS's performance. (*Id*. at ¶11). Defendants breached the Agreement by failing to pay EMS in accordance with the Agreement. (ECF No. 9-1 at pg. 86, ¶ 12). The Agreement provides EMS the authority to credit and debit Exclusive Wireless's DDA for amounts due under the Agreement. (*Id.* at pg. 13, ¶ 8.) Thus, the failure to pay those amounts is a breach of the Agreement. *See Kirkland v. St. Elizabeth Hosp. Med. Ctr.*, 34 F.App'x 174, 178 (6th Cir.2002).

### ii. EMS properly plead damages.

EMS's damages are supported by the Agreement and Exhibit B. (ECF No. 9-1 at pg. 88-100.) Exhibit B contains a line-item description of deductions (DDS-Adjustment-Insufficient Funds), from the Merchant account referenced in the Agreement. (*Id.* at pg. 100.) Thus, by accepting all of the allegations as true, as the Court is required to do, it is clear from the Complaint and Exhibits that EMS has sufficiently alleged the existence of a contract, EMS performed, Defendants breached, and EMS has damages under the Agreement.

### iii. Defendants' assertions that they have been denied notice and a cure period do not create a deficiency in the Amended Complaint.

There is no support for Defendants' argument that EMS is required to plead a mandatory cure period. "[A] party is 'not required to plead performance of conditions precedent to recovery.'" *Clinical Resource Network, LLC v. Medpace, Inc.*, No. 1:23-cv-239, 2024 U.S. Dist. LEXIS

7

203353, at *5 (S.D.Ohio Nov. 7, 2024)(*citing Brown Family Trust, LLC v. Dick's Clothing & Sporting Goods, Inc.*, No. 3:13-cv-314, 2014 U.S. Dist. LEXIS 19949, at *9 (S.D.Ohio Feb. 18, 2014)).

Defendants argue that there are mandatory notice and cure requirements based on analysis of part of the Agreement. While EMS disputes the analysis and its relevancy at this procedural juncture, Defendants fail to cite dispositive caselaw requiring EMS to plead notice and cure in the Amended Complaint in order to avoid dismissal. Rather, Defendants rely on caselaw from New York and Texas for this proposition. (*See* ECF No. 11, pg. 111-112). Thus, Defendants cannot convincingly argue that there are additional pleading requirements with which EMS did not comply. These arguments should be asserted as defenses and not in a Motion to Dismiss.

To the extent a condition precedent exists regarding a demand to Defendants and cure period, EMS adequately plead it in the Amended Complaint when it states despite repeated demands, Defendants have not paid the amount due to EMS. (*See* ECF No. 9-1 at pg. 86, ¶ 16). It has been over 30 days since EMS's Complaint has been filed, which gave Defendants notice of EMS's claim. Thus, even since the Complaint has been filed, Defendants have been provided a sufficient cure period, to the extent this is required. Thus, there is no basis to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted for failure to plead a condition precedent.

## III.    CONCLUSION

EMS requests that the Court deny Defendants' Motion to Dismiss because its Amended Complaint states a plausible claim that provides fair notice of the claim and its bases.

Respectfully submitted,

*/s/ Jo A. Tatarko*
Jo A. Tatarko (0082062)
PEREZ &  MORRIS LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio  44114
Telephone:     216-621-5161
Facsimile:     216-621-2399
Email:           jtatarko@perez-morris.com

Egon P. Singerman (0040458)
Pablo A. Castro, III (0074699)
Law Office of Egon P. Singerman
30625 Solon Road, Ste. C.
Cleveland, OH  44139
Telephone: 216-360-9300
Facsimile:   216-360-9712
Email:         esingerman@esingerman.com
                 pcastro@esingerman.com

*Counsel for Plainitff Electronic Merchant Systems
LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May 2026, a copy of the *Plaintiff Electronic Merchant Systems LLC's Response in Opposition to Motion to Dismiss its Amended Complaint*, was filed the Court's electronic filing system upon the following parties:

Alexander J. Durst
Paul R. Kerridge
DURST KERRIDGE LLC
600 Vine Street, Ste. 1920
Cincinnati, OH 45202
alex@durst.law
paul@durst.law
*Counsel for Defendants Exclusive Wireless*
*LLC and Christopher John Gouldthorpe*

/s/ Jo A. Tatarko
Jo A. Tatarko (0082062)
PEREZ & MORRIS LLC
*Counsel for Plaintiff Electronic Merchant Systems*
*LLC*